UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EMMANUAL OHAI,                          )
                                        )
    Plaintiff,                          )
                                        )
                                        ) CIVIL ACTION FILE
vs.                                     )
                                        ) NUMBER 1:20-CV-2220
                                        )
DELTA COMMUNITY CREDIT UNION,           )
PARK TREE INVESTMENTS, L.L.C.,          )
DEAN ENGLE, FCI LENDER                  )
SERVICES, INC., SINGER LAW              )
GROUP, DANIEL I. SINGER,                )
JAUREGUI, LINDSEY, LONGSHORE            )
& TINGLE, MICROBUILT                    )
CORPORATION and PNC BANK, N.A.,         )
                                        )
    Defendants.                         )

**MOTION TO DISMISS**

COMES NOW FCI Lender Services, Inc. ("Defendant FCI"), a co-Defendant in the above-styled civil action, and hereby files its Motion to Dismiss and shows this honorable Court in support thereof as follows:

Under Fed. R. Civ. P. 12(b), for a motion to dismiss to be granted, Plaintiff's complaint factually accepted as correct must evidence that there is no set of facts entitling him to relief authorizing the court to dismiss a complaint on the basis of a dispositive issue of law. Brown v. Crawford County, 960 F. 2d 1002 (11th Cir. 1992) *citing* Executive 100, Inc. v. Martin County, 922 F. 2d 1536 (11th Cir. 1991) and Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The

Court, however, is not required to accept as true bare legal assertions supported by mere conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) as cited by Graveling v. Castle Mortgage Co., 11th Cir. No. 14-15198. To survive a motion to dismiss, a complaint must offer more than naked assertions that the defendant acted unlawfully or a formulaic recitation of the elements of a cause of action. Id. A complaint must contain sufficient factual allegations that, accepted as true, state a plausible claim for relief. Id. This is also true for *pro se* pleadings, although such pleadings are held to a less stringent standard than pleadings prepared by lawyers and are construed liberally (although the pleadings at hand seem suspiciously lawyer-like). Campbell v. Air Jam, Ltd., 760 F. 3d 1165 (11th Cir. 2014). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading." Id. At 1168-1169. The only counts applicable to Defendant FCI are Count Four, Count Six, Count Nine and Count Ten. Consequently, this Motion to Dismiss will only address those Counts and why those Counts should be dismissed as a matter of law.

I. COUNT FOUR – VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

Congress enacted the "FDCPA in order to eliminate 'the use of abusive, deceptive, and unfair debt collection practices.'"

15 U.S.C. §1692(k)(a)(3). Specifically, Plaintiff has alleged without any specific factual allegations that Defendant FCI violated the following provisions found in the FDCPA: (i) 15 U.S.C. § 1692c(c) (communicating with Plaintiff after Plaintiff had notified Defendant FCI in writing to cease contacting him); (ii) 15 U.S.C. § 1692d (harassing Plaintiff); (iii) 15 U.S.C. § 1692e (using false, deceptive or misleading representation to collect); (iv) 15 U.S.C. § 1692e(2)(A) (falsely representing the character, amount or legal status); and (v) 15 U.S.C. § 1692f (using unfair or unconscionable means to collect). The following will address each of those separately as well as other general legal arguments in support of dismissing the Complaint.

A. **There Are No Factual Allegations That Defendant FCI Violated 15 U.S.C. § 1692c(c)**

Plaintiff has argued that under 15 U.S.C. § 1692c(c) Defendant FCI communicated with Plaintiff after Plaintiff had notified Defendant FCI to cease contacting him. Section 1692c(c) requires that such notice from the Plaintiff be "in writing". However, nowhere in the complaint does the Plaintiff allege that he sent Defendant FCI written notice that Defendant FCI should cease contacting him. Instead, in Paragraph 161, Plaintiff alleges merely that he sent a letter to Defendant FCI "demanding validation and verification of the alleged debt" (without attaching any written letter curiously), which by the

way such validation and verification was provided to him. Consequently, this claim by the Plaintiff must fail and Defendant FCI asserts that this Count should be dismissed as a matter of law.

### B. There Are No Factual Allegations That Defendant FCI Violated 15 U.S.C. § 1692d

Plaintiff has argued that under 15 U.S.C. § 1692d Defendant FCI harassed the Plaintiff. There are no specific allegations, however, that Defendant FCI harassed Plaintiff. Paragraph 167 references Defendant Singer sending documents on behalf of Defendant Park Tree, and then simply states that Defendant FCI also was "acting as an agent of Park Tree". Paragraph 178 then states that Defendant FCI sent Plaintiff a "Loan Reinstatement and Report". Generally, § 1692d aims to protect consumers from harassment and abuse by unscrupulous debt collectors. <u>Hart v. Credit Control, L.L.C.</u>, 871 F. 3d 1255 (11th Cir. 2017). No such harassment is even alleged against Defendant FCI; consequently, this claim by the Plaintiff must fail and Defendant FCI asserts that this Count should be dismissed as a matter of law.

### C. There Are No Factual Allegations That Defendant FCI Violated 15 U.S.C. § 1692e

Plaintiff has argued that under 15 U.S.C. § 1692e Defendant FCI used false, deceptive or misleading representation to collect. The FDCPA under Section 1692e prohibits debt collectors from using any false, deceptive or misleading

representation in connection with the collection of any debt. *See* Bradley v. Franklin Collection Service, Inc., 739 F. 3d 606 (11th Cir. 2014) and LeBlanc v. Unifund CCR Partners, ZB, 601 F. 3d 1185 (11th Cir. 2010) and Holzman v. Malcolm S. Gerald & Associates, Inc., 920 F. 3d 1264 (2019). Plaintiff seems to be arguing that the loan was discharged and uncollectable even via foreclosure of the security interest, plus he argues the statute of limitations had run and any communications regarding the loan were improper as the loan was not collectable and not enforceable. Both of those arguments are incorrect and are addressed below.

Plaintiff next argues that a publication occurred alleging a debt of $37k (presumably around $37,000), which held him up to ridicule as he was and is involved in "Anioma to be created as the 37th state of Nigeria". See Paragraph 200. However, once again nowhere does Plaintiff argue that Defendant FCI ever published such number. Plaintiff then argues in Paragraph 196 that the $37k was published by ForeclosureBidLists.com, but does not allege that Defendant placed any information or contacted ForeclosureBidLists.com in any way to publish any such amount. Further, Plaintiff argues in Paragraph 207 that numerous letters were sent to him "alleging debts of various amounts of which none amounted to $37k". However, Exhibit B-8 attached to the Complaint references an amount to bring his loan current of

$36,740.07, which when rounded to the nearest thousands would be $37k. Plaintiff did not object to the amounts in that letter, but now seeks without evidence or without even any non-naked allegations to tie the potential addition of a 37th state in Nigeria to this lawsuit. No such false, deceptive or misleading representation to collect is even alleged as being committed by Defendant FCI; consequently, this claim by the Plaintiff must fail and Defendant FCI asserts that this Count should be dismissed as a matter of law.

> D. **There Are No Factual Allegations That Defendant FCI Violated 15 U.S.C. § 1692e(2)(A)**

Plaintiff has argued that under 15 U.S.C. § 1692e(2)(a) Defendant FCI falsely represented the character, amount or legal status of the loan. Plaintiff again seems to be arguing that the loan was discharged and uncollectable even via foreclosure of the security interest, plus he argues the statute of limitations had run and any communications regarding the loan were improper as the loan was not collectable and not enforceable. Both of those arguments are incorrect and are addressed below. Additionally and as addressed above, as for the amount argument, Plaintiff points to a website that is not connected to Defendant FCI in any way, nor does Plaintiff allege that Defendant FCI provided any figures whatsoever to that website. Consequently, this claim by the Plaintiff must fail

and Defendant FCI asserts that this Count should be dismissed as a matter of law.

### E. There Are No Factual Allegations That Defendant FCI Violated 15 U.S.C. § 1692f

Plaintiff has argued that under 15 U.S.C. § 1692f Defendant FCI used unfair or unconscionable means to collect the loan. The FDCPA under Section 1692f prohibits unfair or unconscionable means in the collection of any debt. *See* Bradley v. Franklin Collection Service, Inc., 739 F. 3d 606 (11th Cir. 2014) and Holzman v. Malcolm S. Gerald & Associates, Inc., 920 F. 3d 1264 (2019). Plaintiff once again seems to be arguing that the loan was discharged and uncollectable even via foreclosure of the security interest, plus he argues the statute of limitations had run and any communications regarding the loan were improper as the loan was not collectable and not enforceable. Both of those arguments are incorrect and are addressed below. Additionally and as addressed above, as for the amount argument, Plaintiff points to a website that is not connected to Defendant FCI in any way, nor does Plaintiff allege that Defendant FCI provided any figures whatsoever to that website. Consequently, this claim by the Plaintiff must fail and Defendant FCI asserts that this Count should be dismissed as a matter of law.

F.  **General Legal Arguments in Support of Dismissing the Complaint**

The following will address the general legal arguments referenced above in support of dismissing the Complaint against Defendant FCI.

a. <u>Secured Loan Still Enforceable After Discharge</u>

A surviving mortgage interest corresponds to an "enforceable obligation" of the debtor. *See* 11 U.S.C. § 522(c)(2); <u>Long v. Bullard</u>, 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1886). Even after the debtor's personal obligations have been extinguished, the creditor still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991). Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. <u>Id</u>. Thus, a bankruptcy discharge extinguishes only one mode of enforcing a claim — an *in personam* action — while leaving intact another — an *in rem* action. <u>Id</u>. Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

b. <u>Statute of Limitations Has Not Expired</u>

Pursuant to O.C.G.A. § 9-3-24, Georgia law permits breach of contract actions with regard to simple contracts in writing

to be brought within "six years after the same become due and payable". *See also* <u>Baker v. Brannen/Goddard Co.</u>, 274 Ga. 745, 559 S.E. 2d 450 (2002). Furthermore and pursuant to O.C.G.A. § 9-3-23, Georgia law provides that "[a]ctions upon bonds or other instruments **under seal** shall be brought within 20 years after the right of action has accrued. …" (Emphasis added.) *See also* <u>McCalla v. Stuckey</u>, 233 Ga. App. 397, 504 S.E. 2d 269 (1998). For promissory notes and security deeds, Georgia law is clear that the cause of action accrues at the maturity of the promissory note and security deed, unless maturity was in fact accelerated. <u>Wall v. C&S Bank of Houston County</u>, 247 Ga. 216, 274 S.E. 2d 486 (1981) *cited in* <u>Little Sky, Inc. v. Rybka</u>, 264 Ga. App. 744, 592 S.E. 2d 154 (2003).

The document attached to the Complaint as Appendix A-1 is the Note and Disclosure Statement (the "Promissory Note") at issue in this lawsuit. The maturity date in the Promissory Note at Paragraph 3 is March 15, 2023, which date has yet to occur so the Promissory Note has not yet matured, unless it has been accelerated. Paragraph 4(B) then requires notice of default in writing and Paragraph 4(C) allows the Note Holder to accelerate maturity after such written notice, although the acceleration is not automatic upon default and even if the Note Holder "does not require me (Plaintiff) to pay immediately in full as described above, the Note Holder will still have the right to do so if I

am in default at a later date." There is no allegation that maturity was accelerated other than Plaintiff claiming that he has not paid anything since 2012 on this loan (thereby admitting default); however, being in default is not enough to accelerate without the Note Holder actually providing written notice of default and then accelerating the maturity. At a minimum, such acceleration did not happen back in 2011 or 2012 and there are no factual allegations in the complaint supporting that an acceleration occurred at that time. Simply stated, acceleration did not happen in this case, at least not outside the minimum six years statute of limitation and certainly within the 20-year statute of limitation.

The Georgia Court of Appeals has explicitly stated, once a prima facie case of breach of contract has been shown or admitted as the Plaintiff has done in this case by admitting he has not paid anything on this debt for at least eight years, a defendant (Plaintiff herein) must set forth specific facts as to why the debt is not owed. See Ambrose v. E.F. Hutton & Co., Inc., 146 Ga. App. 403, 246 S.E. 2d 423 (1978) and Wickes Lumber v. Energy Efficient Homes, Inc., 157 Ga. App. 303, 277 S.E. 2d 298 (1981). Without setting forth specific factual allegations as to why he does not owe the debt (at least with respect to any in rem action as explained below), there is no genuine issue and the creditor is entitled to a judgment as a matter of law in its

favor. Id. Here, the Plaintiff has not provided any allegation whatsoever to show he does not owe the debt, except that it was discharged. However, a discharge does not extinguish the obligations under the security deed once again as addressed above.

It is also well settled in Georgia that the "test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained his or her action to a successful result." Lesser v. Doughtie, 300 Ga. App. 805, 686 S.E. 2d 416 (2009)(citations omitted); Wallace v. Bock, 279 Ga. 744, 620 S.E. 2d 820 (2005) *citing* U-Haul Co. of Western Georgia v. Abreu & Robeson Inc, 247 Ga 565, 277 S.E. 497 (1981). *See also* Walker v. Gwinnett Hospital System, Inc., 263 Ga. App. 554, 588 S.E. 2d 441 (2003). Here, the plain language of the Promissory Note provides a maturity date of March 15, 2023, which has not been accelerated (or at least not outside the last six years or 20 years depending on which statute of limitations applies). Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

c. Judicial Estoppel

The failure to disclose an asset in the form of a pending tort claim in a debtor's bankruptcy schedules amounts to a denial that such claim exists and bars subsequent efforts to pursue that claim in state court. Harper v. GMAC Mortgage

Corp., 245 Ga. App. 729, 538 S.E.2d 816 (2000). A failure to disclose precludes subsequent assertion of the claims under judicial estoppel. Southmark Corp. v. Trotter, 212 Ga. App. 454, 442 S.E.2d 265 (1994); Byrd v. JRC Towne Lake, Ltd., 225 Ga. App. 506, 484 S.E.2d 309 (1997). In his bankruptcy, Plaintiff failed to list his claims brought herein. Plaintiff's Complaint, therefore, is barred by res judicata, collateral estoppel, judicial estoppel and waiver and this Court should dismiss all of Plaintiff's claims. Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

II. COUNT SIX - INVASION OF PRIVACY

The Supreme Court of Georgia was the first American court to hold that an invasion of the right of privacy is an actionable tort. Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S.E. 68 (1905). However, Georgia's appellate courts have recognized the need for pragmatism in deciding the extent to which the right of privacy should be protected. See Cox Communications, Inc. v. Lowe, 173 Ga. App. 812, 328 S.E. 2d 384 (1985). The right of privacy is not absolute, however, but is qualified by the rights of others. Id. "No individual can live in an ivory tower and at the same time participate in society and expect complete non-interference from other members of the public." '.... 'There are some shocks, inconveniences and annoyances which members of society in the nature of things must absorb without the right of redress.'

[Cit.]" Hines v. Columbus Bank & Trust Co., 137 Ga. App. 268, 270, 271, 223 S.E. 2d 468 (1976).

Unfortunately, none of Plaintiff's allegations apply to an invasion of any right to privacy by Defendant FCI. Literally, nothing is alleged against Defendant FCI in the complaint supporting this Count. Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

III. COUNT NINE - DEFAMATION - FALSE LIGHT AND INVASION OF PRIVACY

Slander is defined in O.C.G.A. § 51-5-4 as follows:

(a) Slander or oral defamation consists in:

(1) Imputing to another a crime punishable by law;

(2) Charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society;

(3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein; and

(4) Uttering any disparaging words productive of special damage which flows naturally therefrom.

(b) In the situation described in paragraph (4) of subsection (a) of this Code section, special damage is essential to support an action; in the situations described in paragraphs (1) through (3) of subsection (a) of this Code section, damage is inferred.

Libel is then defined in O.C.G.A. § 51-5-1(a) as follows:

A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule.

O.C.G.A. § 51-5-1(b) then provides that "[t]he publication of the libelous matter is essential to recovery." Malice is also inferred in defamation matters. As stated in O.C.G.A. § 51-5-5:

> In all actions for printed or spoken defamation, malice is inferred from the character of the charge. However, the existence of malice may be rebutted by proof. In all cases, such proof shall be considered in mitigation of damages. In cases of privileged communications, such proof shall bar a recovery.

Plaintiff simply alleges that Defendants correctly published that Plaintiff was in default, but that the "amount was false." The "wrong amount" supposedly published was not alleged to have been published by Defendant FCI. This argument of course further ignores the fact that Plaintiff admits he was in default, so there was nothing slanderous or libelous published against the Plaintiff as defined under the above statutes. Additionally and again, Plaintiff does not point to any such publication made by Defendant FCI. Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

IV. <u>COUNT TEN – VIOLATIONS OF GEORGIA FAIR BUSINESS PRACTICES ACT</u>

The Georgia Fair Business Practice Act (the "GFBPA") is codified in O.C.G.A. § 10-1-391 *et. seq.* Again, the Plaintiff's complaint fails to set forth any facts in support of any alleged

violations of the GFBPA. In the case of <u>Summer v. Security Credit Services, L.L.C.</u>, 335 Ga. App. 197, 779 S.E. 2d 124 (2015), the Georgia Court of Appeals reviewed a trial court matter wherein the trial court granted summary judgment in favor the creditor and upheld the ruling against Summer's GFBPA counterclaim, which rested upon the FDCPA. In <u>Summer</u>, the Georgia Court of Appeals determined that there can be no GFBPA violation where there is no FDCPA violation, when the alleged GFBPA violation was the FDCPA violation. As set forth above, in the present matter the Plaintiff has presented no evidence to demonstrate an FDCPA violation; therefore, as in <u>Summer</u>, there likewise as a matter of law cannot be a GFBPA violation.

The GFBPA also does not apply to transactions that occur in regulated areas of activity. *See* <u>Chancellor v. Gateway Lincoln-Mercury, Inc.</u>, 233 Ga. App. 38, 502 S.E. 2d 799 (1998) and <u>Northeast Georgia Cancer Care, L.L.C. v. Blue Cross & Blue Shield of Georgia, Inc.</u>, 297 Ga. App. 28, 676 S.E. 2d 428 (2009). In fact, when a consumer suffers damage as a result of a potential unfair or deceptive trade practice that has the potential impact solely on him or her, and which is not a source of damage to any other member of the consuming public, then no public service is served by proceeding under the GFBPA and the aggrieved party must be relegated to the pursuit of his or her relief under other statutory or common law principles. <u>Zeeman</u>

v. Black, 156 Ga. App. 82, 273 S.E. 2d 910 (1980). Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

V. PLAINTIFF HAS NOT ALLEGED ANY FACTS THAT WOULD ENTITLE HIM TO PUNITIVE DAMAGES

O.C.G.A. § 51-12-5.1 governs punitive damages in Georgia and states as follows:

> (b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscience indifference to consequences.

Punitive damages must arise from and be based upon a compensable injury, as a claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Carter v. Progressive Mountain Ins., 295 Ga. 487, 761 S.E. 2d 261 (2014); Southern General Ins. Co. v. Holt, 262 Ga. 267, 416 S.E. 2d 274 (1992). Consequently, punitive damages cannot be imposed without a finding of some form of willful misconduct. Hillman v. General Motors Acceptance Corp., 210 Ga. App. 837, 437 S.E. 2d 803 (1993). Negligence, even gross negligence, is inadequate to support a punitive damage award. Colonial Pipeline Co. v. Brown, 258 Ga. 115, 365 S.E. 2d 827 (1988). Tower Financial Services, Inc. v. Smith, 204 Ga. App. 910, 423 S.E. 2d 257 (1992).

In this case, there is simply no allegations that the actions of Defendant FCI amounted to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscience indifference to consequences. No evidence exists in this case to show that any act of the Defendant FCI rose to the level sought to be punished under O.C.G.A. § 51-12-5.1. Additionally, punitive damages are not available in matters based on contract. See O.C.G.A. § 13-6-10; <u>Young v. Turner Heritage Homes, Inc.</u>, 241 Ga. App. 400, 526 S.E. 2d 82 (2000); and <u>Trust Company Bank v. C&S Trust Co.</u>, 260 Ga. 124, 390 S.E. 2d 589 (1990). Consequently, Defendant FCI asserts that this Count should be dismissed as a matter of law.

WHEREFORE, Defendant FCI prays that this honorable Court dismiss this case as against Defendant FCI as a matter of law.

Respectfully submitted this 9TH day of June, 2020.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394896
Attorney for Defendant FCI

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
ParkTreeOhaiDismissMotion

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION TO DISMISS was served upon all parties by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

Mr. Emmanual Ohai
2715 Tradd Court
Snellville, GA 30039

This 9TH day of June, 2020.

_____
Larry W. Johnson
Attorney for Defendant FCI

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com