# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMANUEL OHAI, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> DELTA COMMUNITY CREDIT UNION, ) <br> PARK TREE INVESTMENTS, LLC, ) <br> DEAN ENGLE, individually, FCI LENDER ) <br> SERVICES, INC., SINGER LAW GROUP, ) <br> DANIEL I. SINGER, individually, ) <br> JAUREGUI, LINDSEY, LONGSHORE & ) <br> TINGLE, MICROBILT CORPORATION, ) <br> PNC BANK NATIONAL ASSOCIATION ) <br> (INC.), ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION FILE NO: <br> 1:20-CV-2220-SCJ-AJB |

**DEFENDANT DELTA COMMUNITY CREDIT UNION'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

Defendant Delta Community Credit Union ("Delta") files its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), and respectfully shows this Honorable Court as follows:

## I.     INTRODUCTION

Plaintiff Emmanuel Ohai's ("Plaintiff") claims against Delta arise out of Delta's alleged failure to provide an adverse action notice to Plaintiff upon denial of an application and furnishing of allegedly inaccurate consumer information to Equifax. However, Plaintiff's Amended Complaint [Doc. 11] fails to state a viable claim against Delta and therefore should be dismissed.[1] More specifically:

- Plaintiff's claim for Violations of Equal Credit Opportunity Act (Count I) fails as to Delta because Plaintiff fails to allege that he submitted a "complete" application to Delta or that Delta obtained verifying information and information necessary to evaluate the allegedly requested loan;

- Plaintiff's claim for Violations of Fair Credit Reporting Act (Count II) fails against Delta because the Fair Credit Reporting Act does not provide a private right of action for an alleged violation of 15 U.S.C. section 1681s-2(a);

- Plaintiff's claim for Defamation-Libel (Count III) fails because Plaintiff fails to sufficiently allege the elements of the claim;

---

[1] Plaintiff's Amended Complaint [Doc. 11] supersedes his original Complaint [Doc. 1] and renders the original Complaint of no legal effect. *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quotation and citation omitted)).

- Plaintiff's Invasion of Privacy claim (Count VI) fails because Plaintiff fails to allege any specific conduct by Delta or that Delta published anything to the public at large;

- Plaintiff's claim for Violations of Georgia Fair Business Practices Act (Count X) fails because it is preempted by the Fair Credit Reporting Act and because Plaintiff fails to allege reliance; and

- Plaintiff's claim for Violations of Bankruptcy Discharge Injunction (Count XI) fails because Plaintiff cannot assert a private action against Delta in this Court for an alleged violation of section 524 of the Bankruptcy Code.

For the reasons set forth below, all of Plaintiff's claims against Delta [Counts I, II, III, VI, X, and XI] fail as a matter of law and the Court should dismiss the Amended Complaint in its entirety as to Delta.[2]

---

[2] Plaintiff does not appear to assert a claim for breach of contract based on Delta's alleged breach of the loan modification agreement. [Amended Complaint, Doc. 11, ¶ 59]. Nevertheless, out of an abundance of caution, to the extent Plaintiff has asserted a claim for breach of contract against Delta based on the loan modification agreement, such claim should be dismissed as time-barred pursuant to the six-year statute of limitations under O.C.G.A. section 9-3-24. The loan modification agreement was entered into in November of 2011, and the final payment was due in February of 2012. [Amended Complaint, Doc. 11, ¶ 59, Appendix A3]. This action was filed well beyond the six-year statute of limitations.

## II.   ARGUMENT AND CITATIONS OF AUTHORITY

Pursuant to Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed where the complaint fails to state a claim on which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 198 F.R.D. 560, 561 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir. 2002). While a *pro se* complaint is held to a less stringent standard than a formal pleading drafted by a lawyer, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Griggs v. USAA Cas. Ins. Co.*, 263 F. Supp. 3d 1375, 1379 (N.D. Ga. 2017) (quotation and citation omitted).

**A.   Plaintiff's claim for Violations of Equal Credit Opportunity Act (Count I) should be dismissed.**

Plaintiff contends that Delta violated the Equal Credit Opportunity Act ("ECOA") by failing to provide Plaintiff with an adverse action notice within 30 days of his alleged application to refinance a loan. [Amended Complaint, Doc. 11, ¶¶ 135, 387]. Specifically, Plaintiff contends Delta violated 15 U.S.C. section 1691 and "Regulation B § 1002.9 Notifications (a)(l)(i)". [*Id.*].

Pursuant to 12 C.F.R. section 1002.9(a)(1)(i), a creditor must notify an applicant of action taken within "30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the

application . . ." Similarly, 15 U.S.C. section 1691(d)(1) requires that "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." Plaintiff's claim thus falls under "the section of the statute [that] discusses the notification necessary for actions taken after a creditor receives a *completed application*." *Kirk v. Kelley Buick of Atlanta, Inc.*, 336 F. Supp. 2d 1327, 1331 (N.D. Ga. 2004) (emphasis added). "[A]n application is considered 'complete' not when the applicant completes it . . . but when the creditor has obtained verifying information and whatever other types of reports or information it ordinarily requires to evaluate a loan." *Id.* at 1332 (citing *High v. McLean Fin. Corp.*, 659 F. Supp. 1561, 1564 (D.D.C. 1987)).

In *High*, the plaintiffs asserted a claim for violation of the ECOA for the defendant's alleged failure to send notification within thirty days after they submitted their "completed" application. *High*, 659 F. Supp. at 1563. The court agreed with the defendant "that plaintiffs were not entitled to notification of adverse action within thirty days after they applied for their loan. Plaintiffs fail to recognize the meaning of 'completed application' in the context of the ECOA." *Id.* "[T]he regulations make clear that an application is considered 'complete' not when the applicant completes it—as plaintiff would have it—but when the creditor has obtained verifying information and whatever other types of reports or information it

5

ordinarily requires to evaluate a loan." *Id.* at 1564. Based on the plaintiffs' mere allegation that they submitted a "complete" application, the court found that the plaintiffs were not entitled to notice within 30 days after submitting an application they deemed "complete." *Id.* (holding that "[i]f this were the only allegation in Count One [the ECOA claim], the Court would have to grant defendant's motion to dismiss," but denying the motion to dismiss the ECOA claim based on allegations that defendant had failed to notify plaintiffs that another institution would be involved in the decision of whether to extend credit).

The sole basis for Plaintiff's claim against Delta under the ECOA is the allegation that he applied for a "Mortgage Finance refinance loan" on Delta's website but did not receive an adverse action notice within 30 days. [Amended Complaint, Doc. 11, ¶¶ 122, 132, 134, 387]. Plaintiff's Amended Complaint fails to even allege that he submitted a "*complete*" application, let alone that Delta had obtained verifying information and information necessary to evaluate the requested loan. Plaintiff's allegations are thus insufficient to state a claim for violation of the ECOA under 15 U.S.C. section 1691(d)(a) and 12 C.F.R. section 1002.9(a)(1)(i).

B. **Plaintiff's claim for Violations of the Fair Credit Reporting Act (Count II) should be dismissed.**

Plaintiff contends that Delta violated the Fair Credit Reporting Act (the "FCRA") by allegedly providing inaccurate consumer information to Equifax on

August 30, 2019 and by failing to correct and update the information. [Amended Complaint, Doc. 11, ¶¶ 391, 392]. More specifically, Plaintiff alleges Delta violated "Section 623(A) of the FCRA . . ." [*Id.*].

Section 623(a) of the FCRA is codified as 15 U.S.C. section 1681s-2(a). Section 1681s-2(a) requires furnishers of information to credit reporting agencies to submit accurate information. *See Green v. RBS Nat. Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (citing 15 U.S.C. § 1681s-2(a)). However, the express terms of the statute require that enforcement of subsection (a) is reserved for governmental agencies and officials, *not consumers*. 15 U.S.C. § 1681s-2(c)-(d). Thus, the FCRA does not provide a private right of action to redress alleged violations of Section 1681s-2(a). *Green*, 288 F. App'x at 642 (affirming summary judgment over FCRA claim, holding that "[t]he FCRA, however, does not provide a private right of action to redress such a violation [of Section 1681s-2(a)], and the district court was correct in so holding."); *Fisher v. Educ. Credit Mgmt. Corp., LLC*, No. 1:16-CV-2724-TWT-JFK, 2017 WL 3276395, at *8–9 (N.D. Ga. July 5, 2017) (dismissing FCRA claim because the plaintiff "does not have a private right of action to redress a violation of § 1681s-2(a)."); *Rhodes v. Nationstar Mortg.*, No. 117CV00091LMMWEJ, 2017 WL 11151436, at *3 (N.D. Ga. Apr. 24, 2017)

(plaintiffs "cannot allege a violation of § 1681s-2(a) because the FCRA does not provide a private right of action for violations of that section.").

Under the FCRA, Plaintiff cannot assert a private action against Delta for violation of section 623(a)/section 1681s-2(a). Plaintiff's FCRA claim against Delta (Count II) should thus be dismissed.[3]

## C. Plaintiff's claim for Defamation-Libel (Count III) should be dismissed.

O.C.G.A. section 51-5-1 provides that "[a] libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." Georgia courts have instructed that "when the claim alleged is a traditionally disfavored cause of action, such as . . . libel[] and slander, the courts

---

[3] Even if Plaintiff had asserted a claim under 15 U.S.C. section 1681s-2(b) (which he has not) it would be subject to dismissal. "§ 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes." *Green*, 288 F. App'x at 642. While Section 1681s-2(b) does provide a private right of action, it available "only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Id.*; *see also Fisher*, 2017 WL 3276395, at *8–9; *Rhodes*, 2017 WL 11151436, at *3. Thus, "[t]o properly assert a FCRA claim pursuant to 15 U.S.C. § 1681s-2(b), plaintiffs must allege that defendant received the proper notice from the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2), and defendant failed to uphold its duties pursuant to 15 U.S.C. § 1681s-2(b)." *Rhodes*, 2017 WL 11151436, at *3. Plaintiff does not allege that Delta received any notice from Equifax or any other credit reporting agency, nor does Plaintiff allege that Delta failed to uphold any duties under 15 U.S.C. § 1681s-2(b). Thus, even if Plaintiff had asserted a claim under 15 U.S.C. section 1681s-2(b), which he has not, it would be subject to dismissal.

tend to construe the complaint by a somewhat stricter standard." *Willis v. United Family Life Ins.*, 487 S.E.2d 376, 379 (1997) (granting defendant's motion to dismiss plaintiff's defamation claims). The Court may determine that a statement is or is not defamatory as a matter of law. *See Libman v. City of Avondale Estates*, No. 1:04CV2294, 2006 WL 559237, at *8 (N.D. Ga. Mar. 3, 2006); *Mead v. True Citizen, Inc.*, 203 Ga. App. 361, 362, 417 S.E.2d 16, 17 (1992) ("[I]f the statement is not ambiguous and can reasonably have but one interpretation, the question is one of law for the judge.").

In determining whether a statement is defamatory, a court is required to read and construe the publication as a whole and in the sense in which the readers to whom it is addressed would understand it. *Ledger-Enquirer Co. v. Brown*, 214 Ga. 422, 424, 105 S.E.2d 229, 231 (1958); *Mead,* 203 Ga. App. 362, 417 S.E.2d at 17. To provide sufficient notice in a pleading regarding defamation, a claim must also include facts sufficient to provide the defendant "notice of both the content of the allegedly defamatory statements and the context in which those statements were made." *Wylie v. Denton*, 323 Ga. App. 161, 170 (2013).

Here, Plaintiff *fails to actually provide the allegedly libelous statement*, only generally claiming that Delta said, "Plaintiff is liable to defendants for an alleged discharged debt." [Amended Complaint, Doc. 11, ¶ 401]. As a result of Plaintiff's

9

conclusory allegations, Delta and the Court cannot construe the publication as a whole to understand what is being alleged. Additionally, Plaintiff fails to state how the statement was published and fails to provide any context for the alleged statement. Plaintiff also fails to allege that the statement was made maliciously, instead merely alleging that the statement was made negligently. [*Id.*, at ¶ 402].

Moreover, Plaintiff fails to show how the alleged statement would expose him "to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1(a). Plaintiff only alleges that the statement was published to Equifax. Even if true, Plaintiff fails to show how Delta's statement that he is liable for "an alleged discharged debt" would expose him to public hatred, contempt, or ridicule. Equifax is in the business of credit reporting and a statement that he is liable for a debt could not conceivably cause public hatred, contempt, or ridicule.

Plaintiff's claim for Defamation-Libel against Delta (Count III) should thus be dismissed.

**D.** **Plaintiff's claim for Invasion of Privacy (Count VI) should be dismissed.**

To support a claim for false light invasion of privacy, a plaintiff must show that the defendant knowingly or recklessly published falsehoods about him or her and, as a result, placed him or her in a false light which would be highly offensive to a reasonable person. *Smith v. Stewart*, 291 Ga. App. 86, 660 S.E.2d 822 (2008).

In other words, the plaintiff must show the existence of false publicity that "depicts the plaintiff as something or someone which he is not." *Blakey v. Victory Equip. Sales, Inc.*, 259 Ga. App. 34, 37, 576 S.E.2d 288, 292 (2002) (citing *Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685, 689, 500 S.E.2d 1, 6 (1998)). The plaintiff must also show that "the false light in which [he] was placed would be highly offensive to a reasonable person." *Id.* (citing *Thomason v. Times-Journal, Inc.*, 190 Ga. App. 601, 604, 379 S.E.2d 551, 554 (1989)).

The basis for this claim is that the defendants allegedly continued to attempt to collect a debt from Plaintiff without providing verification of the debt. [Amended Complaint, Doc. 11, ¶ 431]. Plaintiff's allegations are woefully insufficient to state a claim for false light invasion of privacy. As with the defamation-libel claim, Plaintiff *fails to actually provide the allegedly published falsehoods*. Moreover, there are no specific allegations whatsoever of any misstatements by Delta. There is no allegation that Delta knowingly or recklessly published any falsehoods or that any allegedly published falsehood depicted Plaintiff as something or someone which he is not. Plaintiff does not even allege that any statement would be highly offensive to a reasonable person.

Additionally, in order to be actionable, a false light invasion of privacy claim must be distributed to the public at large. *Blakey*, 259 Ga. App. at 37, 576 S.E.2d at

292. Here, there is no allegation that Delta published anything to the public at large. The only allegation of publication as to Delta is an unspecified statement allegedly made to Equifax, not to the public at large.

Finally, to the extent this claim is based on allegations related to allegedly inaccurate credit reporting, the claim is preempted by the FCRA. *El v. Card*, No. 1:17-CV-4396-CC-JSA, 2018 WL 3702459, at *5 (N.D. Ga. Apr. 16, 2018) ("[C]ourts in this district have found that FCRA preempts state tort claims for invasion of privacy premised on the false reporting of credit-related information.").

For the foregoing reasons, the Amended Complaint fails to state a claim for false light invasion of privacy, and thus the claim should be dismissed.

E. **Plaintiff's claim for Violations of Georgia Fair Business Practices Act (Count X) should be dismissed.**

The Georgia Fair Business Practices Act ("GFBPA") creates a private cause of action for an individual "who suffers injury or damages . . . as a result of consumer acts or practices in violation [of the GFBPA] . . ." O.C.G.A. § 10-1-399(a).

However, Plaintiff's GFBPA claims are preempted by FCRA claims. Pursuant to 15 U.S.C. section 1681t(b)(1)(F), no requirement or prohibition may be imposed under the laws of any state with respect to the subject matter regulated in Section 1681s-2. As this court has held, Section 1681t(b)(1)(F) of the FCRA preempts claims under the GFBPA. *Price v. Sallie Mae, Inc.*, No. 1:08-CV-2712-CAP-ECS, 2009

WL 10711922, at *6 (N.D. Ga. Mar. 30, 2009) (finding that the plaintiff's GFBPA claim was preempted by Section 1681t(b)(1)(F)). Plaintiff's GFBPA claim is preempted by its FCRA claim against Delta (Count II).

Additionally, the GFBPA does "not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga. App. 38, 45, 502 S.E.2d 799, 805 (1998). Plaintiff's GFPBA claim is based on the allegations that Defendants[4]:

- Continued to communicate directly with him regarding a debt after his request that they cease communications [Amended Complaint, Doc. 11, ¶ 466];

- Misrepresented the character, amount, or legal status of debt [*Id.*, at ¶ 467];

- Used unfair means to collect or attempt to collect debt [*Id.*, at ¶ 468]; and

- Repeatedly called and sent letters to Plaintiff regarding the debt. [*Id.*, at ¶ 469].

As set forth in Plaintiff's claims against Defendants for violations of the ECOA (Count I), FCRA (Counts II, VII, VIII), and Fair Debt Collection Practices Act (Counts IV, V), Plaintiff's allegations under his GFPBA claim constitute regulated areas of activity and thus Plaintiff's GFPBA claim is barred.

---

[4] Notably, Plaintiff fails to make any specific allegations against Delta as to its GFBPA claim.

Moreover, Plaintiff's allegations are insufficient to state a claim under the GFBPA against Delta. Plaintiff fails to set forth any specific allegations as to Delta regarding any alleged attempts to collect a debt. Plaintiff also does not allege any reliance on any alleged misrepresentation as required to state a claim under the GFPBA. *See Tiismann v. Linda Martin Homes Corp.*, 281 Ga. 137, 138–39, 637 S.E.2d 14, 16–17 (2006) (stating a claim under the GFBPA requires that the plaintiff "demonstrate that he was injured as the result of . . . reliance upon the alleged misrepresentation.").

Based on the foregoing, Plaintiff's GFPBA claim fails as a matter of law.

**F.** **Plaintiff's claim for Violations of Bankruptcy Discharge Injunction (Count XI) should be dismissed.**

Plaintiff contends that Delta violated the Bankruptcy Discharge Injunction by allegedly contacting him regarding a debt that had been discharged in Chapter 7 Bankruptcy. [Amended Complaint, Doc. 11, ¶¶ 478, 479]. More specifically, Plaintiff alleges Delta violated "11 US Code § 524 . . . ." [*Id.* ¶ 481].[5]

---

[5] Plaintiff does not appear to assert a claim for a violation of the automatic stay against Delta. Nevertheless, out of an abundance of caution, to the extent the Court interprets Plaintiff's allegations as asserting a claim for a violation of the automatic stay against Delta based on Delta's alleged communication with Plaintiff during the pendency of Plaintiff's Bankruptcy, such claim is subject to dismissal as it is required to be brought in the bankruptcy court where the automatic stay was issued, not in this Court. *Myers v. Citigroup, Inc.*, No. 1:14-CV-00968-ELR-ECS, 2015 WL

14

Section 524 of the Bankruptcy Code provides, in relevant part, that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). However, "neither Section 524 nor Section 105, the statutory contempt power, confer[s] a private right of action for violation of the discharge injunction." *Baxter v. Johnson & Freedman, LLC*, No. 1:11–CV–01880–CC–RGV, 2012 WL 2921799, at *7 (N.D. Ga. May 10, 2012) (quotation and citation omitted) (dismissing claim for violation of discharge injunction under 11 U.S.C. section 524(a)(2)). Instead, "the court whose order has been defied must entertain the contempt action." *Id.* (quotation and citation omitted); *see also Myers*, 2015 WL 12856451, at *6 (N.D. Ga. Feb. 3, 2015) ("Plaintiff's claims, to the extent they allege violations of the automatic stay or the discharge injunction issued by the Bankruptcy Court in 2010, should have been brought before the bankruptcy court that issued the orders, and the claims should be **DISMISSED** on this basis." (emphasis in original)). Thus, the Bankruptcy Code does not provide a private right of action to redress alleged violations of Section 524. *See id.*

---

12856451, at *6 (N.D. Ga. Feb. 3, 2015) (dismissing claim for violation of automatic stay).

Plaintiff cannot assert a private action against Delta in this Court for an alleged violation of section 524 of the Bankruptcy Code. Plaintiff's claim against Delta for alleged violations of the discharge injunction (Count XI) should thus be dismissed.

### III.   CONCLUSION

For the reasons set forth above, Delta respectfully requests that the Motion be granted, and that the Amended Complaint be dismissed in its entirety as to Delta.

This the 29th day of June, 2020.

                      Respectfully submitted,

                      BERMAN FINK VAN HORN P.C.

                      /s/ Daniel H. Park
                      Charles H. Van Horn
                      Georgia Bar No. 724710
                      E-mail: cvanhorn@bfvlaw.com
                      Daniel H. Park
                      Georgia Bar No. 930188
                      E-mail: dpark@bfvlaw.com
                      Katherine M. Silverman
                      Georgia Bar No. 395741
                      E-mail: ksilverman@bfvlaw.com

3475 Piedmont Road, N.E.        COUNSEL FOR DEFENDANT
Suite 1100                                DELTA COMMUNITY CREDIT UNION
Atlanta, Georgia 30305
Telephone: (404) 261-7711

# CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1B

This is to certify that the foregoing **DEFENDANT DELTA COMMUNITY CREDIT UNION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was prepared using Times New Roman 14-point font in accordance with Local Rules 7.1D and 5.1B.

This the 29th day of June, 2020.

                                              BERMAN FINK VAN HORN P.C.

                                              By:   */s/ Daniel H. Park*
                                                          Daniel H. Park
                                                          Georgia Bar No: 930188

# CERTIFICATE OF SERVICE

I certify that, on June 26, 2020, I electronically filed the foregoing **DEFENDANT DELTA COMMUNITY CREDIT UNION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

>Emmanuel Ohai
>2715 Tradd Court
>Snellville, Georgia 30039
>emmanuelohai@hotmail.com
>*Plaintiff, Pro Se*
>
>Larry W. Johnson, Esq.
>Johnson Legal Offices, L.L.C.
>138 Hammond Drive, Suite B
>Atlanta, Georgia 30328
>ljohnson@suretybondsagency.com
>*Counsel for Defendants FCI Lender Services,*
>*Inc. and Park Tree Investments, L.L.C.*
>
>Sarah T. Reise, Esq.
>Ballard Spahr LLP
>999 Peachtree Street, Suite 1000
>Atlanta, GA 30309
>reises@ballardspahr.com
>*Counsel for Defendant PNC Bank, NA*

Additionally, on June 26, 2020, I served a copy of **DEFENDANT DELTA COMMUNITY CREDIT UNION'S MEMORANDUM OF LAW IN**

**SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** via Federal Express on the following party:

>Emmanuel Ohai
>2715 Tradd Court
>Snellville, Georgia 30039
>emmanuelohai@hotmail.com
>*Plaintiff, Pro Se*

                        BERMAN FINK VAN HORN P.C.

               By:   */s/ Daniel H. Park*
                        Daniel H. Park
                        Georgia Bar No: 930188