# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EMMANUEL OHAI,

   Plaintiff,

v.

DELTA COMMUNITY CREDIT UNION, et al.,

   Defendants.

CIVIL ACTION FILE NO.

1:20-CV-2220-SCJ

## ORDER

This matter appears before the Court on Plaintiff's *Emergency* Petition/Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. No. [125]).[1]

## I. BACKGROUND

This case was filed by Plaintiff Emmanuel Ohai and concerns various claims that he has made against the following named Defendants: Delta

---

[1] Because Defendants were afforded notice and an opportunity to respond, the Court considers the pending request as a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

Community ("Delta"), Park Tree Investments, LLC ("Park Tree"), Dean Engle ("Engle"), FCI Lender Services, Inc. ("FCI"), Singer Law Group, Daniel I. Singer ("Singer"), Jauregui, Lindsey, Longshore & Tingle ("JILLT"), Microbilt Corporation ("Microbilt"), and PNC Bank National Association., Inc. ("PNC"). Doc. Nos. [1], [11].

As recently stated by the magistrate judge (assigned to hear all pretrial matters), currently, the operative complaint is the amended complaint that was filed on June 15, 2020 at Doc. No. [11]. See Mag. Order Doc. No. [99].[2]

Also as stated by the magistrate (Doc. No. [99]), in his amended complaint, Plaintiff alleges violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* against Delta, [id. at 91–92], violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 623(a) by Delta, [id. at 92–94], defamation-libel under state law against Delta, [id. at 94–96], violations of the Fair Debt Collection Practices Act ("FDCA") by Engle, Park Tree, Singer, Singer Law

---

[2] The Court recognizes that there is currently a "Plaintiff's Motion for Leave to file the Second Amended Complaint," pending before the assigned magistrate judge. Doc. No. [108]. The Court makes no ruling herein as to whether said motion should be granted. However, the Court has reviewed said motion and the attached exhibits to ensure that its review of the record is complete. The Court notes that even if the proposed second amended complaint were the operative complaint, its conclusion herein would not change.

2

Group, FCI, and JLLT, [id. at 96–100], violations of the FDCPA by PNC, [id. at 100–01], invasion of privacy under state law by all Defendants, [id. at 101-02], violations of the FCRA by PNC, [id. at 102–104], violations of the FCRA by Microbilt, [id. at 104–07], defamation-false light and invasion of privacy under state law by Engle, Park Tree, Singer, Singer Law Group, and JLLT, [id. at 107–08], violations of the Georgia Fair Business Practices Act ("GFBPA") by all Defendants, [id. at 108-11], violations of bankruptcy discharge injunction by all Defendants, [id. at 111–112]. Attached to the amended complaint, Plaintiff included a number of bankruptcy documents. [See id. at 114–120].

On March 11, 2021, Plaintiff filed an Emergency Petition/Motion for Temporary Restraining Order and/or Preliminary Injunction. Doc. No. [125]. Plaintiff seeks to enjoin an April 6, 2021 foreclosure of property commonly known as 2715 Tradd Ct. Snellville, GA 30039 ("subject property"). Id.; see also Motion, Exh. A, Doc. No. [125-1]. Plaintiff includes a list of "parties to this petition" and names the following defendants: Delta Community Credit Union, Dean Engle, Daniel I. Singer, Phillip L. Jauregui, Michael W. Lindsey, FCI Lender

Services, Inc., Park Tree Investments, LLC, Jauregui & Lindsey, LLC. Doc. No. [125], p. 2.[3]

Plaintiff provides the following factual background. On March 6, 2008, Plaintiff and his ex-wife closed on a Home Equity Loan[4] in the amount of $46,000 with Defendant Delta Community Credit Union ("Delta") for which they executed a promissory note and deed to secure debt on the subject property. Doc. No. [125], ¶ 10. Plaintiff states that on November 11, 2011, he was behind on his second mortgage loan payments and entered into a "loan modification trial period plan" with Delta. Id. ¶14. However, Delta is alleged to have breached the modification. Id. Plaintiff alleges that "the listed Defendants acting in concert sent Plaintiff via certified mail another foreclosure notice . . . ." Id. ¶ 125.[5]

In his reply brief, Plaintiff added the additional fact that he filed for bankruptcy in 2012 and asserts that "Defendant Delta and their co-conspirators

---

[3] The Motion for Preliminary Injunction does not appear to concern Defendant MicroBilt Corporation, a consumer reporting agency, as it is not expressly identified as a party in the petition. See Doc. No. [128]. Defendant PNC Bank National Association, Inc. is also not listed as a "party" in the petition. Id.

[4] Plaintiff refers to this loan as a "second mortgage note." Doc. No. [125], ¶ 10.

[5] The record contains additional foreclosures notices/allegations that the Court does not detail here.

4

breached the Bankruptcy Discharge Injunction that was granted Plaintiff on October 5, 2012." Doc. No. [132], ¶¶ 8, 10. The discharge paperwork (found in the record) shows a Chapter 7 discharge. Doc. No. [11], p. 114.

The motion has been fully briefed and the Court held a hearing on March 26, 2021. Doc. No. [133].

## II. LEGAL STANDARD

The Court considers four factors when deciding whether to issue a preliminary injunction pursuant to Federal Rule of Civil Procedure 65: (1) whether there is a substantial likelihood of success on the merits; (2) whether the preliminary injunction is necessary to prevent irreparable injury; (3) whether the threatened injury outweighs the harm that the preliminary injunction would cause to the non-movant; and (4) whether the preliminary injunction would be adverse to the public interest. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Injunctive relief is an extraordinary and drastic remedy and should not be granted unless the movant clearly establishes the burden of persuasion as to each of these four factors. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

5

In addition, "[a]t the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is 'appropriate given the character and objectives of the injunctive proceeding.'" Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995). The decision to grant preliminary injunctive relief is within the broad discretion of the district court. Majd–Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 902 (11th Cir. 1984).

### III. ANALYSIS

#### A. Likelihood of Success on the Merits

The first factor when determining whether to issue temporary or preliminary injunctive relief is whether the movant has a substantial likelihood of success on the merits. Parker, 275 F.3d at 1035.

As indicated above, in the absence of the magistrate's ruling on Plaintiff's motion to file a second amended complaint, the operative complaint is the amended complaint at Doc. No. [11]. However, the amended complaint does not mention an April 6, 2021 foreclosure (and neither does proposed second amended complaint). Thus, in liberally construing Plaintiff's *pro se* filings in accordance with applicable case law and administering the provisions of Federal

6

Rule of Civil Procedure 1,[6] the Court deems it proper to consider the pending motion for preliminary injunction as including a motion to file a supplemental pleading **to add an attempted wrongful foreclosure claim concerning the April 6, 2021 foreclosure notice** *only*—which the Court hereby **GRANTS**. See Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").[7] For purposes of determining likelihood of success on the merits, the Court will consider Doc. No. [125] as a supplemental pleading of one count of **an attempted wrongful foreclosure claim concerning the April 6, 2021 foreclosure notice *only*.**[8]

---

[6] Said Rule provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; see also Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014) ("We liberally construe pro se filings . . . .").

[7] The Court will permit the responses already filed by Defendants at Doc. Nos. [128], [129], [130], [131] to stand as responses to the supplemental complaint for an attempted wrongful foreclosure so that there can be no default against the responding defendants. To the extent Defendants would like to file additional responses, they should file a notice on CM/ECF and await the magistrate judge's direction.

[8] The Court notes that in his Motion for Preliminary Injunction, Plaintiff references fraud, RICO, and unlawful debt collection activities claims set forth in his proposed

"An attempted wrongful foreclosure claim exists when, in the course of a foreclosure action that was not completed, a defendant makes 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and damages were sustained as a direct result of the publication." Sparra v. Deutsche Bank Nat. Tr. Co., 336 Ga. App. 418, 421, 785 S.E.2d 78, 83 (2016) (citations omitted).

"To successfully plead a claim for attempted wrongful foreclosure, [a plaintiff] would need to allege that the defendants published information about his financial condition that was untrue . . . ." Id.

However, here, Plaintiff Ohai admitted at the March 26, 2021 hearing that he had not made a payment on the second mortgage since January of 2012. Without more, the fact that Plaintiff received a Chapter 7 bankruptcy discharge

---

Second Amended Complaint. Doc. No. [125], ¶ 31. The Court gives no consideration to likelihood of success on the merits of said claims as the magistrate has not ruled on the pending motion to amend and it appears to the Court that all of those claims have an adequate remedy at law. As stated by the Eleventh Circuit, "[a]n injury is 'irreparable' [for purposes of injunctive relief] only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991). "[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law." FHR TB, LLC v. TB Isle Resort, LP., 865 F. Supp. 2d 1172, 1212 (S.D. Fla. 2011) (citations omitted).

8

concerning the second mortgage does not render the publication of a foreclosure notice untrue, as the United States Supreme Court has held that while "[a] defaulting debtor can protect himself from personal liability [of a mortgage loan] by obtaining a discharge in a Chapter 7 liquidation . . . such a discharge extinguishes only 'the personal liability of the debtor.'" Johnson v. Home State Bank, 501 U.S. 78, 82–83 (1991) (citing 11 U.S.C. § 524(a)(1). "[T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." Id.; see also In re Smith, No. 20-11641, 2021 WL 1036085, at *2 (11th Cir. Mar. 18, 2021) ("A Chapter 7 discharge 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.' The Supreme Court has said that -- while a Chapter 7 discharge extinguishes the personal liability of the debtor -- it does not extinguish a creditor's right to foreclose on a valid mortgage on the debtor's property.") (citations omitted). Further, the language of Plaintiff's discharge paperwork states that creditors "may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy . . . ." Doc. No. [11], p. 115. An excerpt of the discharge paperwork is as follows:

9

> Case 1:20-cv-02220-SCJ-AJB Document 11 Filed 06/15/20 Page 115 of 137
>
> Case 12-65475-wlh Doc 14 Filed 10/05/12 Entered 10/05/12 09:33:34 Desc Ch. 7
> Disch./Clos. - No asset Page 2 of 2
> FORM 182 continued
>
> **EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE**
>
> This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.
>
> **Collection of Discharged Debts Prohibited**
>
> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.
>
> However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.
>
> This discharge does not affect any property of the estate as defined by section 541 of the Bankruptcy Code, and the automatic stay of section 362(a) of the Bankruptcy Code continues to apply to any property of the estate unless and until the automatic stay has been terminated by order of the court or expires pursuant to section 362(c) of the Bankruptcy Code. Such property remains subject to administration by the trustee on behalf of the bankruptcy estate.

Doc. No. [11], p. 115.

As to the remaining merits issues presented, the Court must consider proper parties. At the hearing, counsel for Park Tree Investments, LLC ("Park Tree") stated that the Note at issue is held by **non-party**, Park Tree Investments 20, LLC ("Park Tree 20") and that Defendant Park Tree and Park Tree 20 are two separate legal entities. Doc. No. [129], p. 2. Plaintiff's own exhibits and supporting documentation show that "Park Tree Investments **20**, LLC" is the entity named in the foreclosure notice as the "current lender . . . attorney in fact." Doc. No. [125-1], p. 3; see also Doc. No. [11], ¶ 14. Though, the Court recognizes that pursuant to Federal Rule of Civil Procedure 65(d)(2), Park Tree

10

Investments 20, LLC could be subject to the injunction to the extent that it is an "agent" or in "active concert or participation" with the named defendant, Park Tree Investments, LLC, here, Plaintiff does not present any evidence to show agency or active concert/participation. Plaintiff only raises speculative and argumentative assertions that "the issue of variance between Park Tree Investments, LLC and Park Tree Investments 20, LLC . . . does not pass the smell test." Doc. No. [132], p. 18. Such is not sufficient to establish that Plaintiff is entitled to an injunction as it does not appear that the proper party who is actually bringing the foreclosure is before the Court.

The next merits focus is Plaintiff's numerous arguments concerning defects with the security deed and assignments at issue, i.e., dormancy, failure to pay intangible tax, gaps in dates, authenticity/failure to include his ex-wife's name. See generally Doc. Nos. [125], [132]. The Court first notes that Plaintiff has not cited any authority that a security deed (as opposed to a judgment) can become dormant under Georgia law. As for Plaintiff's challenges to the security deed/assignment, the Court has doubts as to Plaintiff's standing. See generally Timbes v. Deutche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2005-3, 708 F. App'x 971, 974 (11th Cir. 2017) ("[A] borrower ordinarily lacks standing to

11

challenge an assignment of her security deed because she is not a party to the assignment or its intended beneficiary. Even in cases alleging forgery, [the Eleventh Circuit has] found that 'Georgia law is clear that borrowers do not have standing to attack a forged assignment of their security deed, which—if attacked by a party with standing—would provide the basis for a claim of wrongful foreclosure.'") (citations omitted).

The next merits issue concerns Plaintiff's allegation that Delta breached a 2011 loan modification agreement with Plaintiff. Doc. No. [125], p. 5. However, Plaintiff also states that he received a bankruptcy discharge in 2012. Doc. No. [132], ¶¶ 8, 10. Any breach should have been handled by the bankruptcy court. This Court's authority/jurisdiction to address the alleged breach is not clear based on Plaintiff's current filings (as collateral estoppel/res judicata issues appear to be at play).

Lastly, the Court considers Plaintiff's arguments concerning violation of the Section 524 bankruptcy stay and contempt. As one district court stated, "[a]lthough it does not appear that the Eleventh Circuit has addressed whether [Section] 524 creates a private right of action, the prevailing view among other courts is that 'neither Section 524 nor Section 105, the statutory contempt power,

confer[s] a private right of action for violation of the discharge injunction.'" Baxter v. Johnson & Freedman, LLC, No. 1:11-CV-01880-CC-RGV, 2012 WL 2921799, at *7 (N.D. Ga. May 10, 2012), report and recommendation adopted sub nom. Baxter v. Bank of Am., N.A., No. 1:11-CV-1880-CC, 2012 WL 2921452 (N.D. Ga. July 17, 2012). "In fact, 'case law uniformly holds that Section 524 does not expressly allow for damages, costs, or create a private cause of action in a district court other than the court having jurisdiction of the underlying bankruptcy action.'" Id. The Court also agrees with the authority cited in the Baxter opinion that holds that "the court whose order has been defied must entertain the contempt action, and the bankruptcy court that issued the discharge injunction is the proper forum for this dispute." Id. (citing Pereira v. First N. Am. Nat'l Bank, 223 B.R. 28, 30 (N.D. Ga. 1998) (internal quotations omitted).

**B. Foreclosure Moratorium**

Lastly, Plaintiff asserts a "CARES Act," foreclosure moratorium argument and cites to a White House press release/announcement. Doc. No. [132-2], p. 2. He does not cite to any particular provision of the CARES Act. A review of the cited White House press release shows that the foreclosure moratorium applies to "federally guaranteed mortgages." Id. The loan at issue in this case is a home

13

equity loan and Plaintiff has not shown that said loan falls within the criteria of the foreclosure moratorium. Accordingly, without more, the Court does not rule that a moratorium stays the April 6, 2021 foreclosure.

On the whole, the Court finds that Plaintiff has failed to clearly establish the burden of persuasion as to likelihood of success on the merits of an attempted wrongful foreclosure claim and the Court declines to exercise its discretion to permit the extraordinary and drastic remedy of injunctive relief. [9]

**IV. CONCLUSION**

Plaintiff's Emergency Petition/Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. No. [125]) is **DENIED**.

For purposes of perfecting the record, the Court notes that it has construed the injunctive relief motion at Doc. No. [125] as a motion to file a supplemental pleading to add an attempted wrongful foreclosure claim concerning the April 6, 2021 foreclosure notice—which the Court has **GRANTED**. The Clerk is **DIRECTED** to update the CM/ECF entry description for Doc. No. [125] to

---

[9] Because a failure to show a likelihood of success on the merits is fatal to a party's request for injunctive relief, a court need not address the other requirements. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011); Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001). Accordingly, because Plaintiff has not satisfied his burden on the first prong of the analysis, this Court declines to address the remaining prongs.

include the following additional language: "Supplemental Pleading of an Attempted Wrongful Foreclosure Claim concerning the April 6, 2021 foreclosure notice." [10] The assigned magistrate judge will rule (or enter a report and recommendation) as to all remaining pending motions.

**IT IS SO ORDERED** this 5th day of April, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

[10] The Court will permit the responses already filed by Defendants at Doc. Nos. [128], [129], [130], [131] to stand as responses to the supplemental pleading (of the attempted wrongful foreclosure claim) so that there can be no default against the responding defendants. To the extent Defendants would like to file additional responses, they should file a notice on CM/ECF and await the magistrate judge's direction.