## THE U.S. DISTRICT COURT OF NORTHERN GEORGIA
## ATLANTA DIVISION

EMMANUEL OHAI
  Plaintiff,
        V.
DELTA COMMUNITY CREDIT UNION.
PARK TREE INVESTMENTS,  LLC
DEAN ENGLE, individually,
FCI LENDER SERVICES, INC.,
SINGER LAW GROUP,
DANIEL I. SINGER, individually,
JAUREGUI, LINDSEY, LONGSHORE &
TINGLE, MICROBILT CORPORATION,
and PNC NATIONAL ASSOC. INC.
  Defendants

Civil Action No:
1:20-CV-2220-SCJ-AJB

**DEMAND FOR JURY TRIAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 21 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## PLAINTIFF'S AMENDED COMPLAINT AND SUPPLEMENTAL PLEADING.

Comes now the plaintiff pro se, Emmanuel Ohai, by and for his amended

and supplemental pleadings against the defendants and allege as follows:

## FACTUAL ALLEGATIONS AND COUNT XII: WRONGFUL FORECLOSURE
**(Against Park Tree Investments, LLC, Dean Engle, Park Tree Investments 20, LLC, Delta, FCI Lender Services Inc., Singer Law Group, LLC, Daniel I. Singer and JLLT)**

    2.1 On March 6, 2008 Plaintiff and his ex-wife closed on a Home

Equity Loan (HELOC) hereinafter referred to as "second

mortgage note" for $46,000 with Defendant Delta Community

Credit Union; executing a promissory note and a deed to secure

debt on their property commonly known as 2715 Tradd Court,

Snellville, Ga 30039.

2.2 Delta also held the first mortgage note for Plaintiff and ex-wife's said primary residence commonly known as 2715 Tradd Court, Snellville, GA 30039.

2.3 Around November 22, 2011 Plaintiff and ex-wife reached a modification trial agreement. (See Doc. No. 11 APPENIDX B).

2.4 Beginning April 2008, and continuing until January 2012 Plaintiff and ex-wife made note and loan modification trial period payments to Delta with good faith and intent to comply with loan obligations.

2.5 Prior to Plaintiff making the fourth and final payment for the loan modification trial period in February 2012, he was told by Delta Staff Ms. Larita Pettiway to stop making payments to them instead they asked that Plaintiff forward loan payments to one Mr. Rick Hughes of FARA HEALTHCARE MANAGEMENT.

2.6 Plaintiff continued to inquire from Delta about making the final trial period payment and the status of the loan modification trial agreement but was unable to make any headway.

2.7 Delta did not provided Plaintiff a name and a non-functional phone number with no explanation why they stopped accepting payments from Plaintiff.

2.8  Around June 2012, Plaintiff and ex-wife filed a Chapter 7

Bankruptcy that was discharged in October 2012.

2.9 On or about 5/27/2017, Park Tree Investments 20, LLC sent

Plaintiff a New Investor- TILA Disclosure Statement on a Park

Tree Investments letterhead stationery in which it said inter alia:

"Your new investor/creditor must notify you no later than 30 days after
the date of sale, April 27, 2017 with the below information. Please let
this serve as your notification and our disclosure as to the identity of the
new owner of your mortgage loan.
**Park Tree Investments 20, LLC**
425 Divisadero Street, Suite 207
San Francisco, CA 94117
1-866-290-8795"

2.10  Plaintiff contacted Park Tree Investments around July 3, 2017;

Co-defendant FCI Lender Services around June 8, 2018; and

Daniel I. Singer of Singer Law Group, LLC around January 7,

2020 to dispute the debt and request verification of the debt and

has received no information whatsoever in violation of the Fair

Debt Collection Practices Act and the Georgia Fair Business

Practices Act, as well as in breach of Plaintiff's statutory rights

and breach of the duty of Good Faith and Fair Dealing implicit in

both contracts and commerce in the market place.

2.11 In spite of Park Tree's failure to validate debt and establish

Park Tree Investments 20, LLC's interest and legal right to

foreclose, they conspired with other foreclosing party defendants

and caused a NOTICE OF SALE UNDER POWER to be

published in Gwinnett Daily Post on March 29, 2021. See

published Notice of Sale attached hereto as EXHIBIT A

2.12 These foreclosing party Defendants acting in concert,

knowingly, willingly, wantonly, fraudulently and illegally

continued to pursue the Sale under Power in direct violation of

the Fair Debt Collection Practices Act, Section 809(b)

2.13 On March 11, 2021filed an Emergency Motion for Temporary

Restraining Order which the Court GRANTED and DIRECTED

the Clerk to enter as "Supplemental Pleading of an Attempted

Wrongful Foreclosure Claim concerning the Foreclosure Notice

of April 6, 2021.

2.14 Defendant Dean Engle filed an affidavit with this honorable

court in which he made several untrue statements under oath,

amongst the untrue statements, is one in which he asserted that

*"Park Tree 20 has been the owner and holder of the Note and the*

*Security Deed since April 20, 2018."*

2.15 Dean Engle's false statement in the preceding paragraph is contradicted by Park Tree 20's own TILA statement it sent Plaintiff around 05/27/2017 where it claimed that it was the owner and had owned subject note since *"the date of sale, April 27, 2017"*

2.16  According to information publicly available on both the California and Georgia Secretary of States' websites using following URL/Link:

(https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201732610166-23241334 and

https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=2787864&businessType=Foreign%20Limited%20Liability%20Company&fromSearch=True on the  said "date of sale, April 27, 2017" both subject note transferor Companion Property and Casualty Insurance Company (CPCIC) and Park Tree Investments 20, LLC were not legally in existence in ANY jurisdiction.

2.17 In view of the preceding paragraph, Plaintiff alleges that Park Tree 20, LLC was in no position as a legal entity to own or purchase the subject note.

*2.18* For filing a false affidavit with the Court, Park Tree and its

foreclosing party co-defendants failed in its legal duty of candor

and fair dealing they owed Plaintiff.

*2.19* As a result of the breach of that duty, Plaintiff has established a

causal connection between the breach of that duty and the injury

that Plaintiff sustained when on April 6, 2021 Park Tree

Investments 20, LLC completed a foreclosure sale of Plaintiff's

property commonly known as 2715 Tradd Court, Snellville, GA

30039.

2.20 As a proximate result of the intentional and/or negligent or

reckless conduct of Park Tree and named Co-defendants Plaintiff

has lost his property despite the fact that he has made all first

mortgage payments and trial modification payments in

accordance with the loan agreement and the trial period

modification agreement to Delta.

2.21 Unless foreclosure is set aside, the plaintiff will suffer

irreparable harm and may not have an adequate remedy at law.

2.22 As a proximate result of the intentional and/or negligent actions

of Park Tree and named co-defendants, Plaintiff has suffered

consequential damage and will continue to suffer additional

damage in an amount to be fully proved at the time of trial.

## COUNT XIII: VIOLATION OF GEORGIA RICO
**(Against Park Tree Investments, LLC, Dean Engle, Park Tree Investments 20, LLC, Delta, FCI Lender Services Inc., Singer Law Group, LLC, Daniel I. Singer and JLLT)**

2.23  Plaintiff alleges that Dean Engle, Park Tree Investments, LLC,

Park Tree Investments 20, LLC, Delta, Singer Law Group,

Daniel I. Singer FCI and JLLT as well as other foreclosing party

co-defendants violated subsections (a) and (c) of the Act.

2.24  It is unlawful for any person, through a pattern of racketeering

activity or proceeds derived therefrom, to acquire or maintain,

directly or indirectly, any interest in or control of any enterprise,

real property, or personal property of any nature, including

money. . . .

2.25  Plaintiff further alleges that Dean Engle, Park Tree

Investments, LLC, Park Tree Investments 20, LLC, Delta, Singer

Law Group, Daniel I. Singer FCI and JLLT as well as other

foreclosing party co-defendants in the conduct of illegal debt

collection activities in Georgia have:

(a) received any income derived, directly or indirectly, from [2] a pattern of

racketeering activity or through collection of an unlawful debt [3] in which

such person has participated as a principal, . . . [4] to use or invest, directly

or indirectly, any part of such income, or the proceeds of such income, in

acquisition of any interest in, or the establishment or operation of, [5] any

enterprise which is engaged in, or the activities of which affect, interstate or

foreign commerce. . . .

(b) through a pattern of racketeering activity or through collection of an

unlawful debt [2] to acquire or maintain, directly or indirectly, any interest

in or control of [3] any enterprise which is engaged in, or the activities of

which affect, interstate or foreign commerce and have harmed Plaintiff and

other Georgians.

**COUNT XIV: SLANDER OF TITLE.**
**(Against Park Tree Investments, LLC, Dean Engle, Park Tree**
**Investments 20, LLC, Delta, FCI Lender Services Inc., Singer Law**
**Group, LLC, Daniel I. Singer and JLLT)**

> 2.26 The named defendants acting in concert have caused to be
>
> recorded various documents including a Notice of Sale Under
>
> Power and Assignment of Security Deed that contain fraudulent
>
> misrepresentation which has impaired the Plaintiff's property
>
> title which constitutes slander of title and Plaintiff should be
>
> awarded resulting damages to be fully proved at the time of trial.

**COUNT XV: TILA RECISSION.**
**(Against Park Tree Investments, LLC, Dean Engle, Park Tree**
**Investments 20, LLC)**

2.27 TILA "authorizes a borrower whose loan is secured with his principal dwelling," and who has been denied the requisite disclosures, to rescind the loan transaction . . ." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (citing 15 U.S.C. § 1635(a)). The right of rescission may last up to three years after the date of consummation, depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989).

2.28 Plaintiff alleges that paragraphs 10, 20, 21, 22 in the sworn affidavit filed on 03/18/2021 by Defendant Dean Engle contained false and inaccurate information that shows that Park Tree Investments, LLC, Park Tree 20 and Dean Engle are in violation of TILA, because Dean Engle, Co-defendants Park Tree Investments, LLC and Park Tree Investments 20, LLC failed to provide Plaintiff with requisite disclosures regarding the alleged loan/note purchase that it claimed took place on April 20, 2018 as required by statue.

**COUNT XVI: FCRA CLAIM FOR FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE ACCURACY OF FILES AND REPORTS.**
**(Against MicroBilt, Dean Engle and Park Tree)**

2.29 MicroBilt violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

2.30 MicroBilt initiated a process that granted Park Tree access to Plaintiff's consumer credit file, then sought to find out if Park Tree had a permissible purpose to access file after the fact.

2.31 As a result of this malicious conduct, action and inaction of MicroBilt, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

2.32 MicroBilt's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, MicroBilt was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

2.33 Plaintiff is entitled to recover costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT XVII: FCRA CLAIMS FOR FAILING TO
REINVESTIGATE
(Against MicroBilt and Dean Engle and Park Tree)**

2.34 MicroBilt violated 15 U.S.C. § 1681i on multiple occasions for

failing to conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the

current status of the disputed information, or delete the item from

the file in accordance with paragraph (5), before the end of the

30-day period beginning on the date on which the agency

receives the notice of the dispute from the consumer; by failing

to delete inaccurate information in Plaintiff's credit file after

receiving actual notice of such inaccuracies; by failing to conduct

a lawful reinvestigation; by failing to forward all relevant

information to Park Tree; by failing to maintain reasonable

procedures with which to filter and verify disputed information in

Plaintiff's credit file; and by relying upon verification from a

source it has reason to believe is unreliable.

2.35 As a result of this conduct, action and inaction of MicroBilt,

Plaintiff has suffered damage by loss of credit; loss of the ability

to purchase and benefit from credit; the mental and emotional

pain and anguish and the humiliation and embarrassment of

credit denials. MicroBilt's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

2.36 Dean Engle and Park Tree maliciously failed to respond to reinvestigation request from MicroBilt making them liable to Plaintiff for punitive damages and costs.

## COUNT XVIII: SLANDER OF CREDIT
**(Against Park Tree Investments, LLC, Dean Engle, Park Tree Investments 20, LLC, Delta, PNC and MicroBilt)**

2.37 Plaintiff alleges that the actions and inactions of the defendants in concert and/or individually was malicious and it impaired his credit causing him to lose the ability to have good credit entitling him to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

2.38 Defendant PNC has continued to report to CRAs that Plaintiff owed it $22k without providing any proof to back such claims.

2.39 Delta and MicroBilt till date have maliciously not removed the derogatory and/or inaccurate information it placed on Plaintiff's

consumer credit report in spite of available evidence that

information they submitted to the CRAs is inaccurate.

2.40 Park Tree and Dean Engle have flat-out and maliciously refused

to respond to MicroBilt's request for investigation.

**COUNT XIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**
**(Against Park Tree Investments, LLC, Dean Engle, Park Tree Investments 20, LLC, Delta, FCI Lender Services Inc., Singer Law Group, LLC, Daniel I. Singer, PNC and JLLT)**

2.41 Without receiving a complaint or served process by the local

Sheriff or Marshall, or by a private process server, at

approximately 5:30 PM on April 6, 2021, while Plaintiff was

having his dinner, he heard loud bangs on the door, then an

individual with an Indian accent yelled out loud... *"I know you*

*are inside because I can hear the TV, come outside now I want to*

*talk to you".* Plaintiff got up and went an peeped thru one of the

bedroom windows then saw one male and one female Indians

with their White pick-up truck pulled up in Plaintiff's drive-way.

After the initial banging on the door and yelling, they proceeded

they proceeded to walk across the street to speak with Plaintiff's

neighbor (2720 Tradd Court) directly across the street from his

residence. After having about 4 minute conversation with

Plaintiff's neighbor, the intruder, whom Plaintiff later identified as Mr. Raj Patel returned to his Pick-up truck accompanied by the female with him.

2.42 Plaintiff asserts that his he felt his life was in danger based on the conduct of the said intruders to his property. (See video of invasion of Plaintiff's property by Defendants' agent attached to Doc. No. 141)

2.43 On May 7, 2021 Defendants' agent Mr. Raja Patel finally served a Dispossessory Proceeding Summons issued by Gwinnett County Sherriff on Plaintiff. Summons and Entry of Service is attached hereto as EXHIBIT B.

2.44 The foreclosing party defendants and their agent have intentionally and/or negligently taken actions which have caused the plaintiff severe emotional distress.

## **CONCLUSION AND PRAYER FOR RELIEF**

Wherefore, having set forth various causes of action against the defendants, Plaintiff prays for the following relief:

1. That this Court set aside the foreclosure of Plaintiff's property that was completed on April 6, 2021;

2. That the actions of defendants as alleged be determined to be unfair and deceptive business practices in violation of Georgia Fair Business Practices Act;

3. That Plaintiff be awarded punitive damages and treble damages provided for under State Law including costs and attorney fees for the intentional infliction of emotional distress by the foreclosing party defendants;

4. That Plaintiff be awarded consequential damages to be fully proved at the time of trial;

5. That the Plaintiff be awarded his fees and costs for bringing this action;

6. That the Court should declare the subject note void ab initio;

7. Disgorgement of unjust enrichment;

8. That the Court grant any other relief that may be just or equitable.

Respectfully submitted,

This 21st Day of June, 2021

Emmanuel Ohai, Plaintiff, pro se
863 Flat Shoals Road SE
Suite C #155
Conyers, GA 30094
404-210-1822 (Phone)

# THE UNITED STATES DISTRICT COURT OF NORTHERN GEORGIA
## ATLANTA DIVISION

EMMANUEL OHAI
  Plaintiff
         V.
DELTA COMMUNITY CREDIT UNION
PARK TREE INVESTMENTS, LLC,
DEAN ENGLE, individually,
FCI LENDER SERVICES, INC.,
SINGER LAW GROUP, LLC,
DANIEL I. SINGER individually,
PHILLIP L. JAUREGUI & MICHAEL W.
LINDSEY dba JAUREGUI & LINDSEY, L.L.C.
MICROBILT CORPORATION, and
PNC BANK NATIONAL ASSOC. (INC.),
        Defendants.

Civil Action No:
1:20-CV-2220-SCJ-AJB

**DEMAND FOR JURY TRIAL**

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of Georgia that I have this 21st

day of June, 2021, mailed by regular U.S. Mail, postage prepaid a true copy of

Plaintiff's proposed amended complaint and supplemental pleading and

EXHIBITS A and B on all interested parties in this action at the following

addresses:

1. Mr. Larry W. Johnson Esq.
   JOHNSON LEGAL SERVICES, L.L.C.
   138 Hammond Drive
   Suite B
   Atlanta, Georgia 30328

2. Ms. Sarah T. Reise
   BALLARD SPAHR LLP

999 Peachtree Street, Suite 1000
Atlanta, GA 30309

3. Mr. Daniel H. Park
   Berman Fink Van Horn P.C.
   3475 Piedmont Road, NE
   Suite 1100
   Atlanta, Georgia 30305

4. Megan P. Mitchell
   Arnall Golden Gregory LLP
   171 17th Street, NW, Suite 2100
   Atlanta, GA 30363

5. Daniel I. Singer Esq.
   Defendant Pro Se
   SINGER LAW GROUP, LLP
   2222 Martin, Suite 214
   Irvine, California 92612

Dated this 21st day of June , in 2021

Emmanuel O. Ohai, Plaintiff, pro se
863 Flat Shoals Road SE
Suite C #155
Conyers, GA 30094
(404)210-1822

EXHIBIT A

gwinnettdailypost.com/classifieds/community/announcements/legal/foreclosure/notice-of-sale-under-power-georgia-gwinnett-county-this-is-an-attempt-to-collect-a



□ Save    → Share

## Details for NOTICE OF SALE UNDER POWER GEORGIA, GWINNETT COUNTY THIS IS AN ATTEMPT TO COLLECT A DEBT.

Updated Mar 31, 2021

NOTICE OF SALE UNDER POWER GEORGIA, GWINNETT COUNTY THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. Under and by virtue of the Power of Sale contained in a Security Deed executed by Emmanuel O. Ohai and Luminate Ohai, in favor of Delta Community Credit Union, on March 6, 2008, said security instrument being recorded in the Office of the Clerk of Superior Court of Gwinnett County, Georgia, at BK 48712, PG 0855; and subsequently transferred to Companion Property and Casualty Insurance Company; and subsequently transferred to Park Tree Investments 20, LLC, conveying the after-described property to secure a Note in the original principal amount of $46,000.00, with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash before the courthouse door of Gwinnett County, Georgia within the legal hours of sale on the first Tuesday in April, 2021, the following described property: ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 3 OF THE 5TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 15, BLOCK A, TRADD COURT SUBDIVISION, UNIT ONE, AS PER PLAT THERE0F RECORDED IN PLAT BOOK 55, PAGE 201, GWINNETT COUNTY RECORDS, SAID PLAT BEING INCORPORATED HEREIN BY REFERENCE THERETO. The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given). FCI Lender Services, Inc. can be contacted at (714) 282-2424 or by writing to PO Box 27370, Anaheim Hills, CA 92809, to discuss possible alternatives to foreclosure. Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above. To the best knowledge and belief of the undersigned, the party in possession of the property is Emmanuel O. Ohai and Luminate Ohai or a tenant or tenants and said property is more commonly known as 2715 Tradd Ct., Snellville, GA 30039. The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed. Park Tree Investments 20, LLC, the current lender as attorney in fact for Emmanuel O. Ohai and Luminate Ohai Jauregui, Lindsey, Longshore & Tingle 244 Inverness Center Drive Suite 200 Birmingham, AL 35242 Toll-free phone: 888-233-8845 Phone: (205) 970-2233 Fax: (205) 970-3886 www.jandilawfirm.com 950-29558 3/10,17,24,31

EXHIBIT B

*CHETNA PATEL*

*3142 PINECONE CT*

*LILBURN, GA 30047.*

(Plaintiff(s) Name & Address)
Day Phone Number: 678-672-9233

VS.

*CHAI EMMANUAL CHAI* & *All others*

*2715 Tradd Ct*

*Snellville, GA 30039*

(Defendant(s) Name & Address)
Telephone numbers: 404-210-1822

**MAGISTRATE COURT OF GWINNETT COUNTY STATE OF GEORGIA**

**DISPOSSESSORY PROCEEDING**

CASE NO. 21-M-12473

**INFO & FORMS ON THE INTERNET**
http://www.gwinnettcourts.com

Personally appeared the undersigned affiant who on oath says that affiant is (owner), (attorney at law), (agent) for Plaintiff(s) herein, and that Defendant(s) is/are in possession as tenant of premises at the address as stated above, in Gwinnett County, the property of said Plaintiff(s). Plaintiff(s) attest(s) that there are no other person(s)/ entity(ies) or known occupant(s) with whom Plaintiff(s) has/have a landlord tenant relationship.  FURTHER THAT: (check applicable claim(s))

[  ] tenant fails to pay the rent which is now past due;

[  ] tenant holds the premises over and beyond the term for which they were rented or leased to tenant;

[  ] tenant is a tenant at sufferance;

[ ✓ ] Other: *FORCLOSER PROPERTY PLAINTIFF Bought at courthouse steps*    ; and

THAT Plaintiff(s) is/are entitled to recover any and all rent that may come due until this action is finally concluded. Plaintiff(s) desires and has demanded possession of the premises and Defendant(s) has/have failed and refused to deliver said possession.  WHEREFORE, Plaintiff(s) demand(s)  (a) possession of the premises; (b) past due rent of $_____ ; (c) rent accruing up to the date of judgment or vacancy at the rate of

$_____ per day. (Calculate daily rental rate, if seeking rent to date of judgment or vacancy.)

(d)_____

_____

Sworn to and subscribed before me,
this ___6___ day of ___MAY___, 20_21_.

*CHETNA PATEL*

Affiant [ ✓ ] Owner    [  ] Attorney at Law    [  ] Agent

_____
Magistrate or Deputy Clerk

**SUMMONS** -- To the Sheriff of Gwinnett County or lawful deputies of the Sheriff -- GREETINGS:
**The Defendant(s) is/are commanded and required to file an answer to said affidavit in writing or orally in person at the Magistrate Court of Gwinnett County, Lawrenceville, Georgia on or before the seventh (7th) day after the date of service of this affidavit and summons.** If such answer is not made, a Writ of Possession and/or Judgment shall issue as provided by law.  Witness the Honorable Kristina Hammer Blum, Chief Magistrate of said Court.

This __6__ day of ___MAY___, 20_21_.          PRint

_____
Magistrate or Deputy Clerk

**WRIT OF POSSESSION**:
To the Sheriff of Gwinnett County or lawful deputies of the Sheriff:  You are hereby commanded to remove said Defendant(s), and any other person(s)/entities whose presence upon the premises is through the tenancy of Defendant(s) together with Defendant(s)/their property thereon from said premises and to deliver full and quiet possession of the same to the Plaintiff(s) herein effective: 1. (Instanter); or 2. (On _____, 20_____; or, 3. Pursuant to the terms of a consent judgment filed herewith dated _____, 20_____.

This _____ day of _____, 20 _____.

_____
Magistrate

PINK Original; YELLOW & WHITE: Copies          Q:Magforms\forms\MAG 30-02 Dispossessory proceeding

Civil Action No. 21-M-12473

Date Filed 05-06-21

Magistrate Court ☐
Superior Court ☐
State Court ☐

**Georgia, Gwinnett County**

Attorney's Address

CHETNA PATEL
3142 PINECONE CT, LILBURN
GA-30047                     VS.                    **Plaintiff**

Emmanual Ohai, et al
2715 Tradd ct Snellvill
GA 30039                                           **Defendant**

Name and Address of party to be served.

Emmanual Ohai, all others
2715 Tradd ct
Snellville GA-30039
404-210-1822

_____ **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _Emanuel Ohai_ personally with a copy
of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☐

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____7_____ day of _May_, 20 _21_.

3:17 pm

Ruggl   B0593

**Deputy**

Sheriff Docket_____ Page_____

**Gwinnett County, Georgia**

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13