# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMMANUEL OHAI,<br><br>  Plaintiff,<br>v.<br><br>DELTA COMMUNITY CREDIT UNION; PARK TREE INVESTMENTS, LLC; DEAN ENGLE, individually; FCI LENDER SERVICES, INC.; SINGER LAW GROUP; DANIEL I. SINGER, individually; JAUREGUI, LINDSEY, LONGSHORE & TINGLE; MICROBILT CORPORATION; PNC BANK NATIONAL ASSOCIATION (INC.),<br><br>  Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-02220-SCJ-JEM |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Pending before the Court are Defendant Dean Engle's Second Motion to Dismiss the operative complaint under Rule 12(b)(5) for insufficient service of process, (Doc. 220), and Plaintiff's Motion for Reimbursement of Expenses Incurred in Making Service of Process on Defendant Dean Engle. (Doc. 224).

For the reasons discussed below, the Court **RECOMMENDS** that Defendant Engle's Second Motion to Dismiss, (Doc. 220), be **GRANTED,** and that Plaintiff's complaint against Defendant Engle be **DISMISSED WITHOUT**

**PREJUDICE**. The Court further **RECOMMENDS** that Plaintiff's Motion for Reimbursement, (Doc. 224), be **DENIED**.

I.     BACKGROUND

The operative complaint, filed on June 15, 2020, names eight Defendants, and alleges violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.*; the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.*; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.*; and the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. §10-1-390, *et seq.* (Doc. 11 at 17-111). The complaint also alleges invasion of privacy, and defamation-libel.[1] (*Id.*). Defendant Engle is charged in Count 4, which charges violations of the FDCPA; Count 6, which charges invasion of privacy; Count 9, which charges "defamation-false light" and invasion of privacy; and Count 10, which charges violations of the GFBPA. (Doc. 11 at 96-102, 107-111).

Engle filed a motion to dismiss the complaint under Rule 12(b)(5) for insufficient service of process on September 2, 2020. (Doc. 70). Engle asserted that Plaintiff never served Engle, individually, and that under Rule 4(m), which requires service within 90 days, Engle should be dismissed from the case. (*Id.* at 1-2). Plaintiff responded to Engle's motion to dismiss on September 8, 2020, asserting that Engle is the owner and sole member of Park Tree Investments,

---

[1] The Defendants all filed motions to dismiss the complaint, and on July 28, 2022, the undersigned filed a Report & Recommendation (R&R) addressing those motions, and recommending that certain counts and defendants be dismissed. (Doc. 209). The District Judge has not yet entered a final order on the R&R; thus, to date the operative complaint is unchanged. (Docs. 11; 209).

LLC, as stated in the Certificate of Interested Persons filed by Park Tree on July 7, 2020, and that the summons was issued jointly to Dean Engle and Park Tree Investments, LLC. (Doc. 78 at 3-7, 10)(citing Doc. 36 (CIP)). Plaintiff asserted that service of that summons was executed and returned to the Court. (Doc. 78 at 3); *see also* (Doc. 25-3). Plaintiff further asserted that the attorney of record for Engle and Park Tree—Larry Johnson—attended the Rule 26(f) settlement conference on July 24, 2020, and never raised any concern that Engle had not been properly served, thereby never making Plaintiff aware of any alleged service problem. (Doc. 78 at 8). Also, according to Plaintiff, on June 22, 2020, he sent a letter to Johnson, asking for a waiver of service under Rule 4, and Johnson ignored the request. (*Id.* at 8-9). Plaintiff asserted that Johnson, on behalf of Engle and Park Tree, did not have good cause, as required under Rule 4, to deny executing the waiver. (*Id.* at 9). Plaintiff asked that, if the Court finds there is a problem with service, that the Court extend the time to effect service of process, and assess Defendant the cost of the service. (*Id.* at 11).

In reply, Engle re-asserted that Plaintiff never served Engle, and that Plaintiff's argument that service on Park Tree constitutes service on Engle is incorrect. (Doc. 80 at 1). According to Engle, the service on Park Tree was effected by serving Linda Banks on behalf of Park Tree's registered agent, and Engle, individually, was never served. (*Id.* at 2). Engle, therefore, re-asserted that he should be dismissed from the case. (*Id.*).

This Court found that Plaintiff had not established that Defendant Engle, individually, was properly served with the summons and complaint as

3

required under Rule 4, and that Defendant Engle had not waived the defense. (Doc. 209 at 69). The Court also found, however, that Plaintiff had shown good cause for failing to effect timely service on Engle, individually, and that Engle had not shown good cause for refusing to sign and return the waiver requested by Plaintiff. (Doc. 209 at 69-70). The Court, therefore, found that an extension of Plaintiff's deadline to serve the summons and complaint was warranted given Plaintiff's pro se status and the potentially adverse statute of limitations bar against his claims that may result from dismissal. (Doc. 209 at 69-70)(citing *Greenway v. Hyundai Capitol Am.*, No. 1:20-CV-3761-LMM-JSA, 2021 WL 2557204, at *1 (N.D. Ga. Jan 11, 2021) and *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). The Court granted a 30-day extension of time for Plaintiff to effect service of process on Engle, ordered Plaintiff to file proof of service with the Court within 35 days—on or before September 1, 2022—and recommended that Defendant Engle's Motion to Dismiss be denied without prejudice.[2] (Doc. 209 at 70-71).

On August 24, 2022, Plaintiff filed a proof of service from process server Stephen Sabol of Ancillary Legal Corporation, showing that Defendant Engle was served on August 17, 2002, by serving "Kim Robert, Employee at PMB Location," who is "authorized to accept service per CA law." (Doc. 218 at 1). The service certificate also indicated that the process server attempted service multiple times at two home addresses in California, where the resident

---

[2] As noted above, the District Judge has not yet entered a final order on the R&R, which recommended denial of Engle's first motion to dismiss. (*See* Dkt.).

indicated that "no one by that name lives here," before serving Kim Robert at a location where the process server confirmed that "Defendant has a box at this location," and he "contacted ALC for authorization to serve." (Doc. 218 at 1).

Five days later, on August 29, 2022, Defendant Engle filed his Second Motion to Dismiss for insufficient service of process, asserting that the proof of service Plaintiff filed "again indicated service on a corporate employee," but the service was "not valid on him as he was not personally served nor was it alleged to be personally served, nor was it even alleged that the complaint was served at his residence on anyone of suitable age and discretion who resides there with him." (Doc. 220 at 1-2). Engle, therefore, re-asserted that he should be dismissed from the case. (Doc. 220 at 2).

Plaintiff filed a response in opposition to Defendant Engle's second motion to dismiss on September 8, 2022. (Doc. 225). Plaintiff asserted that Defendant Engle has been affirmatively "evading service," listing the attempts made by the process servicer, and he argued that Kim Robert is authorized to accept process on behalf of Defendant Engle under California law. (Doc. 225 at 1-3). Plaintiff further asserted that a copy of the summons and complaint was delivered to Engle via the United States Postal Service "as stipulated by California Rules of Civil Procedure as necessary to complete service." (Doc. 225 at 2-5). Defendant Engle filed a reply on September 12, 2022, (Doc. 226), asserting that, despite the recently filed proof of service, Plaintiff still had never properly served Engle; that Plaintiff never disputed that Rule 4(m) requires

5

service within 90 days; and that the California law Plaintiff cited did not apply. (Doc. 226 at 1-3).

On October 24, 2022, this Court ordered Defendant Engle to file a reply within 21 days that addressed Plaintiff's allegations that he was affirmatively evading service; any reasons Defendant Engle asserted showed "good cause" for failing to execute the waiver of service requested by Plaintiff; and the specific reasons that the service effected on Kim Robert was not proper under California law, as Plaintiff asserted. (Doc. 231). Defendant Engle filed the ordered reply on October 27, 2022, addressing the Court's questions. (Doc. 232). In particular, Defendant Engle explained that the home addresses Plaintiff had attempted to serve were rental property owned by Engle, but were not his home address, and he asserted that he had not been purposely evading service, as he would have no reason to do so considering that this Court has already recommended that Plaintiff's claims against Park Tree be dismissed. (Doc. 232 at 7-8). Defendant Engle further asserted that, although Plaintiff indicated that he had requested a waiver of service from Engle, he had not sent the documents required, and had not complied with Rule 4. (Doc. 232 at 2-3).

Meanwhile, on September 8, 2022, after filing the proof of service on August 24, 2022, (Doc. 218), Plaintiff filed a motion for reimbursement of expenses incurred for that service. (Doc. 224). Defendant Engle filed a response in opposition on September 12, 2022, arguing that because the Court does not have personal jurisdiction over Engle, it does not have the authority to order him to pay the expenses. (Doc. 227).

## II.     DISCUSSION

### A.     Insufficient Service of Process

Plaintiff has not established that Defendant Engle, individually, has been properly served with the summons and complaint as required under Rule 4. *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (when a defendant challenges service of process, the plaintiff bears the burden of establishing its validity). Plaintiff's most recent service by leaving documents with Kim Robert, who is an employee of a private mailbox location, is insufficient. Though he argued that Kim Robert was authorized to accept service on behalf of Defendant Engle, he has not shown that she in fact had that authority.

> Consistent with this judicial construction of "appointment," the federal courts have held that claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)(C).

4A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE §1097 (4th ed.); *see also In re Reisman*, 139 B.R. 797, 800 (Bankr. S.D.N.Y. 1992) ("An agent's statement that he has been empowered to accept process is insufficient, standing alone, to establish authorization to receive process"). And "[a]ctual notice of the lawsuit on the defendants' part does not cure defective service." *Wearing v. Savannah State Univ.*, 132 F. App'x 813, 814 (11th Cir. 2005).

7

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008)(same). In the absence of service of process, or a defendant's waiver of service, a court cannot exercise power over that defendant. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied")(citing *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)("service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served")).

Because Plaintiff has failed to serve Defendant Engle, individually, the Court **RECOMMENDS** that Defendant's Second Motion to Dismiss, (Doc. 220), be **GRANTED,** and that Plaintiff's complaint against Defendant Engle be **DISMISSED WITHOUT PREJUDICE**. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182-183 (11th Cir. 2007)(when a court does not have personal jurisdiction over a defendant, it is improper for the court to reach the merits in the case, or to issue a dismissal with prejudice).

### B. Failure to State a Claim

Notwithstanding that the Court does not have jurisdiction to reach the merits of the case because Defendant Engle has not been served, the Court nevertheless addresses this argument to show why the Court does not recommend granting any additional extensions of time for Plaintiff to effect service of process. *See, e.g., Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)(holding that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause, and noting the Advisory Committee Note's guidance that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service"). Plaintiff's complaint, as currently pleaded, fails to state a claim against Defendant Engle, individually, upon which relief can be granted under Rule 12(b)(6).

As Plaintiff asserts, Defendant Engle is the owner and sole member of Park Tree Investments, LLC, as stated in the Certificate of Interested Persons filed by Park Tree on July 7, 2020. (Doc. 78 at 3-7, 10)(citing Doc. 36 (CIP)). And although the District Judge has not yet entered a final order on the R&R filed on July 28, 2022, in that R&R, the undersigned fully addressed Park Tree's motion to dismiss for failure to state a claim, and recommended that all counts against Park Tree be dismissed. (Doc. 209). The same recommendation would apply to Defendant Engle, individually.

9

### C.  Motion for Reimbursement of Expenses

The Court agrees that, as Defendant Engle asserts, because the Court does not have personal jurisdiction over Engle, it does not have the authority to order him to pay the expenses of service. (Doc. 227). As discussed above, in the absence of service of process, or a defendant's waiver of service, a court cannot exercise power over that defendant. *Murphy Bros.*, 526 U.S. at 350-51; *Omni Cap. Int'l, Ltd.*, 484 U.S. at 104. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Reimbursement, (Doc. 224), be **DENIED.**

### III.  CONCLUSION

For the above reasons, the Court **RECOMMENDS** that Defendant Engle's Second Motion to Dismiss, (Doc. 220), be **GRANTED**, and that Plaintiff's complaint against Defendant Engle be **DISMISSED WITHOUT PREJUDICE**. The Court further **RECOMMENDS** that Plaintiff's Motion for Reimbursement, (Doc. 224), be **DENIED**.

**SO RECOMMENDED** this 28th day of October, 2022.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE